**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| SURFACE WAREHOUSE, L.P. | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § |
| | §  Case No. 25-1250 |
| C&C Sage, Inc., | § |
| | § |
| *Defendant*. | § |
| | § |
| | § |

**COMPLAINT**

Plaintiff Surface Warehouse, LP ("US Surfaces") brings this Complaint against Defendant C&C Sage, Inc. d/b/a True Blue Surfaces and Bellezza ("Defendant" or "True Blue Surfaces") and respectfully shows the Court as follows:

**I.
INTRODUCTION**

1.      US Surfaces is an industry-leading designer, marketer, and distributer of surfacing products, including quartz or "engineered stone," which is used for countertops and other furnishings in homes and businesses.  US Surfaces carefully designs and curates its original hand-crafted quartz designs, which are protected by numerous registered copyrights, using trade secret and proprietary manufacturing processes and techniques.  As a result, it is critically important for US Surfaces to ensure that its copyrighted designs are not copied, used, distributed, displayed, or otherwise misappropriated without its consent.

2.      Since 2020, US Surfaces has supplied quartz to Architectural Surfaces Group, LLC ("ASG"), a national importer and distributor of surfacing products.  For close to four years, US Surfaces and ASG built a growing and mutually successful relationship during which ASG

launched and incorporated into its offerings approximately 44 new quartz designs supplied by US Surfaces, many of which are protected, *inter alia,* under U.S. Copyright law.

3.    US Surfaces made significant investments in its relationship with ASG, which were at least partly based on ASG's specific representations, including, but not limited to ASG's commitment that it would not attempt to copy or reverse-engineer US Surfaces' designs.

4.    However, in late 2024, US Surfaces learned that ASG, under new leadership, had been working with other manufacturers located in India and/or Dubai to copy US Surfaces' copyrighted designs to secure copies of US Surfaces' designs at a lower cost.

5.    ASG's conduct directly infringes US Surfaces' copyrights.  As a direct result of ASG's scheme to work with and direct companies in India and/or Dubai to make cheaper copies of US Surfaces' copyrighted designs, US Surfaces has suffered significant financial and competitive harm.

6.    True Blue Surfaces is a company that sells, fabricates, and installs surfacing products, including quartz countertops, in Austin and San Antonio.  As part of its business, True Blue Surfaces purchases quartz countertops from ASG, which it then promotes and distributes to customers.  Some of the products that True Blue Surfaces purchases from ASG and resells are unauthorized copies of US Surfaces' copyrighted designs, designs which ASG copied, imported, and sold in the United States without US Surfaces' consent.

7.    On or around June 27, 2025, US Surfaces sent a letter by email to True Blue Surfaces notifying it of US Surfaces' federally registered copyrights in 26 designs (the "Notice Letter").  US Surfaces also sent the Notice Letter to True Blue Surfaces by mail, which was delivered on July 1, 2025.  US Surfaces enclosed copies of its copyright registrations and images of respective designs with the Notice Letter.

8.      On information and belief, True Blue Surfaces and ASG communicated about the Notice Letter, US Surfaces' registered copyrights, and the infringing nature of the surface products that True Blue Surfaces bought from ASG and promoted and resold to customers.

9.      Despite receiving US Surfaces' Notice Letter, True Blue Surfaces has continued to purchase, use, display, sell, advertise, fabricate, and install products which infringe certain copyrights US Surfaces has in its products and for which it has received federal copyright registrations.

10.     True Blue Surfaces' actions have also materially contributed to ASG's direct infringement of US Surfaces' registered copyrights by financially enabling and facilitating that infringement across the United States to the financial benefit of both ASG and True Blue Surfaces.

11.     True Blue Surfaces' infringement is willful, as evidenced by its continuing sale, distribution, and use of the infringing designs despite receiving the Notice Letter.

12.     True Blue Surfaces' infringing conduct has caused and continues to cause irreparable and substantial harm to US Surfaces.

13.     Through this lawsuit, US Surfaces seeks to be reimbursed for the damages caused by True Blue Surfaces' wrongful conduct, for injunctive relief to prevent further copyright infringement, and for all other relief detailed herein.

**II.**
**PARTIES**

14.      US Surfaces is a Texas limited partnership with its principal place of business at 4601 Spicewood Springs Road, Bldg. 1, Suite 100, Austin, TX 78759.  The general partner of US Surfaces is Surface Enterprises, LLC.  The members of Surface Enterprises, LLC are citizens of Texas.  The limited partners of US Surfaces are citizens of Texas, Arizona, Nevada, and/or California.

15.     Defendant C&C Sage, Inc. is a Texas corporation with its principal place of business at 3626 Binz Engleman Road, San Antonio, Texas 78219.

**III.**
**JURISDICTION AND VENUE**

16.     This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright At, 17 U.S.C. § 101, et seq.

17.     The Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C.§§ 1331 (federal question jurisdiction) and 1338 (actions arising under federal copyright law).

18.     This Court has personal jurisdiction over True Blue Surfaces because its acts and/or omissions form the basis for US Surfaces' Complaint, and these acts and/or omissions occurred in Texas or were affirmatively directed by True Blue Surfaces against US Surfaces in Texas.

19.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to US Surfaces' claims occurred in this district.

**IV.**
**FACTUAL BACKGROUND**

**A.     US Surfaces' Copyrighted Designs**

20.     US Surfaces has invested over six years and substantial resources in the creation and development of original quartz countertop designs that exhibit a high degree of creativity and artistic expression.

21.     These designs feature distinctive and visually striking combinations of veins, patterns, colors, and textures that closely resemble the appearance of natural stone, and are the result of US Surfaces' unique artistic choices and hand-crafted—not machine-generated—design techniques.

22.     In developing its works, US Surfaces drew upon extensive research, including customer preferences, market trends, and design feedback to inform the creative decisions embodied in its quartz designs.

23.     The resulting designs have contributed to US Surfaces' reputation as a leader in the quartz countertop industry.

24.     Below are examples of two of US Surfaces' designs.

**Terra Luna (Reg. Nos. VA 2-447-813; VA 2-435-992)**



**Terra Sol (Reg. Nos. VA 2-447-833; VA 2-435-971)**



25.    US Surfaces has registered copyrights in many of its quartz designs. Specifically, US Surfaces is the sole owner of a valid copyright in each of the works included in **Exhibit A** (collectively, the "Works"), which were registered with the United States Copyright Office under the respective registration numbers included in **Exhibit A**.

26.    A true and correct copy of each copyright registration (collectively, the "Registrations") is attached hereto as **Exhibit B**.

27.    Each of the Works reflects the careful review, consideration, selection, and arrangement of graphic elements to create a design that is original, not functional, and aesthetically appealing to consumers who are looking for materials which suggest stone-like and natural features.

28.    US Surfaces is the presumed owner of each Registration and each Registration enjoys the presumption of validity.

29.    Each of the Works is an original work of authorship, fixed in a tangible medium of expression, and is entitled to protection under the Copyright Act.

30.    Each of the Works was a work made for hire and, as a result, authorship and ownership belongs exclusively to US Surfaces under 17 U.S.C. § 101.  Any joint authors have also executed agreements assigning any and all interest in and to the works to US Surfaces.

31.    ASG had access to each of the Works by virtue of its purchase of authorized copies of the Works from US Surfaces and its promotion, sale and distribution of copies of the Works in the United States.

32.    Around November 2024, US Surfaces learned from third parties that ASG had been working with companies in India and/or Dubai to copy US Surfaces' copyrighted designs without US Surfaces' consent to secure the copies of the Works at a significant cost decrease.

33.    ASG has infringed—and continues to infringe—US Surfaces' copyrights in the Works by copying, creating derivative works, displaying, importing and selling to customers in the United States  products which feature US Surfaces' copyrighted designs.

34.    US Surfaces brought suit against ASG for copyright infringement and other claims in the United States District Court for the Western District of Texas. *See* Case No. 1:25-cv-359-ADA-SH.

35.    On information and belief, ASG plans to continue to make, import, distribute and display in the United States copies of 23 of the 26 designs for which US Surfaces has secured federal copyright registrations, without US Surfaces' authorization.  As part of that plan, ASG publicly distributed pricing sheets identifying at least 23 of such products for sale.

36. US Surfaces has notified many producers, distributors, and fabricators of ASG products of the existence of US Surfaces' copyright registrations and the designs which are the subject of those copyright registrations.

**J.    True Blue Surfaces Infringes US Surfaces' Works**

37. True Blue Surfaces purchases quartz slabs from ASG, some of which feature US Surfaces' copyrighted designs.

38. True Blue Surfaces then resells, fabricates, and installs the quartz products for customers in Austin and San Antonio.

39. On or around June 27, 2025, US Surfaces sent the Notice Letter by email to True Blue Surfaces notifying it of US Surfaces' registered copyrights in 26 designs. US Surfaces also sent the Notice Letter to True Blue Surfaces *via* mail, which was delivered on July 1, 2025. US Surfaces enclosed copies of its copyright registrations and images of respective designs with the Notice Letter.

40. On information and belief, after receiving the Notice Letter, True Blue Surfaces and ASG communicated about the letter, US Surfaces' registered copyrights, and the infringing nature of the products that True Blue Surfaces bought from ASG and resold to customers.

41. Despite receiving US Surfaces' Notice Letter, and being fully aware of US Surfaces' copyright registrations in its quartz designs, True Blue Surfaces continued to purchase, use, distribute, display, sell, fabricate, and install products that infringe on ***at least*** two of US Surfaces' copyrighted designs: Terra Luna (Reg. Nos. VA 2-447-813; VA 2-435-992) and Terra Sol (Reg. Nos. VA 2-447-833; VA 2-435-971).

**Terra Luna (Reg. Nos. VA 2-447-813; VA 2-435-992)**

42.     True Blue Surfaces is currently selling, and has sold, quartz products ("Accused Terra Luna Products") in Austin, Texas, that it purchased from ASG, which are copies of US Surfaces' registered design titled Terra Luna (Reg. Nos. VA 2-447-813; VA 2-435-992).

43.     ASG worked with manufacturers in India and/or the United Arab Emirates to copy US Surfaces' registered design and import and sell the Accused Terra Luna Product into the United States without US Surfaces' consent.

44.     As shown in the below pictures, the Accused Terra Luna Products  that True Blue Surfaces is currently selling, or has sold, were made in the United Arab Emirates in April 2025, and are 137" x 79" large (commonly referred to in the countertop industry as a "super jumbo" size).







45.    The Accused Terra Luna Product is a blatant copy of US Surfaces' Terra Luna design, a design which is protected by US Copyright Registration Nos. VA 2-447-813 and VA 2-435-992.  The Accused Terra Luna Product is virtually identical, if not identical, in appearance to the registered Terra Luna design:



46.    US Surfaces did not authorize the manufacture, display, import or distribution of the Accused Terra Luna Product and there is no question that US Surfaces did not manufacture the Accused Terra Luna Product.

47.    US Surfaces does not make products in the United Arab Emirates, and it has never authorized ASG or True Blue Surfaces to copy, import, distribute, or sell products from the United Arab Emirates that are copies of US Surfaces' registered designs, including, but not limited to, the Accused Terra Luna Product.

48.    US Surfaces also has never made products featuring its copyrighted designs for ASG in "super jumbo" sizes, nor has it ever authorized ASG or True Blue Surfaces to copy, import,

distribute, or sell super jumbo sizes of products that are copies of US Surfaces' copyrighted designs, including, but not limited to, the Accused Terra Luna Product.

49.    US Surfaces stopped selling products to ASG in November 2024, and its last shipment of products was received by ASG in January or February 2025.  Thus, the Accused Terra Luna Product, made in April 2025 in the United Arab Emirates, was clearly not made or provided by US Surfaces.

50.    US Surfaces' distribution and display of the Accused Terra Luna Product directly infringes US Surfaces' copyright in the Terra Luna product.  The infringement was willful as True Blue Surfaces is fully aware of each of US Surfaces' copyrights and copyright registrations, including US Surfaces' Terra Luna copyright registrations.

**Terra Sol (Reg. Nos. VA 2-447-833; VA 2-435-971)**

51.    True Blue Surfaces is also selling, and has sold, quartz countertop slabs  ("Accused Terra Sol Product") which are copies of US Surfaces' registered design titled Terra Sol (Reg. Nos. VA 2-447-833; VA 2-435-971).

52.    True Blue Surfaces is infringing US Surfaces' copyright in its Terra Sol registered design (Reg. Nos. VA 2-447-833; VA 2-435-971) by selling, distributing and displaying the Accused Terra Luna Product, a blatant copy of US Surfaces' copyrighted Terra Sol design.

53.    The below is a true and correct image of the Accused Terra Sol Product True Blue Surfaces is promoting and selling in Texas:





54.     The Accused Terra Sol Product is a blatant copy of US Surfaces' Terra Sol design, which is protected by US Copyright Registration Nos. VA 2-447-833; VA 2-435-971 and VA 2-435-971.  The Accused Terra Sol Product is virtually identical, if not identical, in appearance to the registered Terra Sol design:



55.     There is no question that US Surfaces did not manufacture the Accused Terra Sol Product.  US Surfaces does not make products in the United Arab Emirates, and it has never authorized ASG or True Blue Surfaces to copy, import, distribute, or sell products from the United Arab Emirates that are copies of US Surfaces' registered designs, including, but not limited to, the Accused Terra Sol Product.

56.     US Surfaces also never made products featuring its copyrighted designs for ASG in "super jumbo" sizes, nor has it ever authorized ASG or True Blue Surfaces to copy, import, distribute, or sell super jumbo sizes of products that are copies of US Surfaces' copyrighted designs, including, but not limited to, the Accused Terra Sol Product.

57.    US Surfaces stopped selling products to ASG in November 2024, and its last shipment of products was received by ASG in January or February 2025.  Thus, the Accused Terra Sol Product, made in April 2025 in the United Arab Emirates, was not made or provided by US Surfaces.

58.    True Blue Surfaces' distribution and display of the Accused Terra Sol Product directly infringes US Surfaces' copyright in the Terra Sol design.  The infringement was willful as True Blue Surfaces is fully aware of each of US Surfaces' copyrights and the registrations it has procured protecting the same.

59.    Attached hereto as **Exhibit C** is a chart summarizing True Blue Surfaces' direct infringement of the Works.

60.    True Blue Surfaces has contributed to ASG's infringement of US Surfaces' registered copyrights in both Terra Luna (Reg. Nos. VA 2-447-813; VA 2-435-992) and Terra Sol (Reg. Nos. VA 2-447-833; VA 2-435-971) by enabling and facilitating ASG's infringement, by purchasing the Accused Terra Luna and the Accused Terra Sol Products from ASG for promotion, display and resale.

**K.    US Surfaces Suffers Significant Damages Caused By True Blue Surfaces' Wrongful Conduct**

61.    As a direct result of True Blue Surfaces' wrongful conduct detailed herein, US Surfaces has suffered significant financial and competitive damages and harm, including, but not limited to, lost profits, lost market share, lost goodwill in the marketplace, lost sales in the marketplace, a devaluation of the value of its product lines, and other actual and incidental damages.

**V.**

**CAUSES OF ACTION**

**Count 1: Copyright Infringement Pursuant to U.S. Copyright Act (17 U.S.C. § 101 _et seq._) for Terra Luna (Reg. Nos. VA 2-447-813; VA 2-435-992) and Terra Sol (Reg. Nos. VA 2-447-833; VA 2-435-971)**

62.     US Surfaces re-alleges and incorporates by reference the allegations in all of the foregoing paragraphs as if they are fully set forth herein.

63.     US Surfaces' designs titled Terra Luna (Reg. Nos. VA 2-447-813; VA 2-435-992) and Terra Sol (Reg. Nos. VA 2-447-833; VA 2-435-971) are each original, creative works in which US Surfaces owns valid and enforceable copyrights.   US Surfaces holds valid copyright registrations from the U.S. Copyright Office for the copyrights in each of these works.

64.     True Blue Surfaces' unauthorized distribution and display of each of the Accused Terra Sol and Accused Terra Luna Products constitutes infringement of US Surfaces' exclusive rights under 17 U.S.C. § 106.

65.     True Blue Surfaces' actions were willful, intentional, and in disregard of US Surfaces' rights, as True Blue Surfaces' continued its infringing conduct even after US Surfaces provided notice of its copyright ownership in the Works, including the Terra Sol and Terra Luna copyright registrations.

66.     As a direct and proximate result of True Blue Surfaces' copyright infringement, US Surfaces has suffered damages, including but not limited to lost profits, reduced market demand, and diminution of each of the works' market value, in an amount to be determined at trial.

67.     As a direct and proximate result of True Blue Surfaces' copyright infringement, US Surfaces is entitled to its damages and to True Blue Surfaces' profits attributable to the infringement in amounts to be proven at trial pursuant to 17 U.S.C. § 504(b).

68.     US Surfaces is further entitled to full costs pursuant to 17 U.S.C. § 505.

69.    Unless enjoined, True Blue Surfaces' wrongful acts and misconduct will irreparably injure US Surfaces, including through the following, among others: (1) confusion in the marketplace, (2) loss of market share, (3) loss of business opportunities, (4) loss of goodwill in the marketplace that would otherwise inure to US Surfaces as a result of the quality of the products designed and developed by US Surfaces, (5) likely loss of goodwill as a result of the likely poor quality of the products ASG has replicated through other suppliers and which True Blue Surfaces distributes through the market, (6) reputational harm, and (7) price erosion.  US Surfaces has no adequate remedy at law.  US Surfaces is therefore entitled to injunctive relief to enjoin True Blue Surfaces from continuing to infringe on US Surfaces' copyrights.

70.    US Surfaces further seeks impoundment and destruction or other reasonable disposition of all infringing articles.

### Count 2: Contributory Copyright Infringement for Terra Luna (Reg. Nos. VA 2-447-813; VA 2-435-992) and Terra Sol (Reg. Nos. VA 2-447-833; VA 2-435-971)

71.    US Surfaces re-alleges and incorporates by reference the allegations in all of the foregoing paragraphs as if they are fully set forth herein.

72.    True Blue Surfaces is contributorily liable for the direct copyright infringement committed by ASG.

73.    True Blue Surfaces induced and/or materially contributed to ASG's ongoing acts of infringement of US Surfaces' copyrighted works by purchasing infringing products and facilitating ASG's nationwide sale of products which infringe US Surfaces' copyrights in the Works, including the Terra Sol and Terra Luna products

74.    True Blue Surfaces knew, had reason to know, or was willfully blind that it was contributing to ASG's ongoing copyright infringement.  True Blue Surfaces received specific notice of US Surfaces' copyright registrations, both by email and mail.  Moreover, on information

and belief, True Blue Surfaces and ASG communicated about the Notice Letter, US Surfaces' registered copyrights, and the infringing nature of the products that True Blue Surfaces bought from ASG and resold to customers.

75.     True Blue Surfaces' conduct constitutes willful contributory copyright infringement.

76.     US Surfaces has been damaged, and will continue to be damaged, by True Blue Surfaces' acts of contributory copyright infringement.

77.     US Surfaces is entitled to injunctive relief prohibiting US Surfaces from further acts of contributory copyright infringement.

78.     As a direct and proximate result of True Blue Surfaces' contributory infringement, US Surfaces is entitled to its actual damages, including True Blue Surfaces' profits attributable to its infringement in amounts to be proven at trial pursuant to 17 U.S.C. § 504(b).

79.     US Surfaces is further entitled to its costs pursuant to 17 U.S.C. § 505.

## VI.
## JURY DEMAND

80.     US Surfaces demands a trial by jury on all issues so triable.

## PRAYER

US Surfaces respectfully requests that this Court:

A.     Enter judgment in favor of US Surfaces and against True Blue Surfaces on all causes of action alleged herein.

B.     Declare that True Blue Surfaces has willfully infringed US Surfaces' copyrighted works in violation of the Copyright Act.

C.    Enter an order requiring True Blue Surfaces to render a full and complete accounting to US Surfaces for True Blue Surfaces' profits, gains, advantages, and the value of the business opportunities received from its infringing activities.

D.    Award damages to US Surfaces in an amount sufficient to compensate US Surfaces for all losses and damages caused by True Blue Surfaces' wrongful conduct described herein, plus pre- and post-judgment interest, costs and attorneys' fees.

E.    Issue a permanent injunction enjoining True Blue Surfaces from directly and indirectly infringing, and causing, enabling, facilitating, encouraging, promoting, inducing, or participating in the infringement of, any of US Surfaces' rights protected by the Copyright Act, including but not limited to, the Works.

F.    Award US Surfaces such other relief as the Court deems just, appropriate, and equitable.

Dated: August 7, 2025

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

/s/ Richard Krumholz
_____
Richard Krumholz
State Bar No. 00784425
richard.krumholz@nortonrosefulbright.com
Joseph Piorkowski
State Bar No. 24091426
joey.piorkowski@nortonrosefulbright.com
Gabriel Culver
State Bar No. 24116240
gabriel.culver@nortonrosefulbright.com

2200 Ross Ave., Suite 3600
Dallas, Texas  75201
Telephone:(214) 855-8000
Facsimile: (214) 855-8200

Felicia Boyd (pro hac vice *pending*)
MN Bar No. 0186168
felicia.boyd@nortonrosefulbright.com

60 South Sixth Street, Suite 3100
Minneapolis, MN 55402
Telephone: (612) 321-2206
Facsimile: (612) 321-2288

**Counsel for Plaintiff**